DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which granted summary judgment to appellees. For the reasons set forth below, this court affirmed the judgment of the trial court.
 {¶ 2} Appellant, Carl Whitmore, sets forth the following two assignments of error: *Page 2 
 {¶ 3} "I. The trial court erred by dismissing plaintiffs complaint on issues not raised by defendants in defendants' dispositive motion. The failure of defendants' [sic] to raise issues in a dispositive motion amounts to waiver or in the alternative the court's cutoff dates toll any statues [sic] of limitations or requirements to add parties.
 {¶ 4} "II. The trial court erred by granting defendant's motion for summary judgment when the political subdivision's employee police officer's actions were with malicious purpose, in bad faith or in a wanton or reckless manner."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On February 27, 2000, appellant telephoned the city of Sandusky Police Department in a highly agitated and intoxicated condition. Appellant screamed expletives at the officer who answered the call. Appellant demanded, without furnishing an explanation, to speak immediately to the Chief of Police. Appellant next demanded, without furnishing an explanation, that the police immediately report to his residence. Appellant then hung up on the police dispatcher.
 {¶ 6} In response to appellant's erratic hang-up call, Lieutenant Armstrong telephoned appellant in an effort to ascertain the actual nature of the call and determine the necessary response. Appellant answered his phone, provided no information or explanation, and hung up on the police department again. Lieutenant Armstrong called appellant a second time. Appellant inexplicably hung up yet again.
 {¶ 7} Faced with appellant's lack of cooperation in conveying whether an emergency of some kind was the purpose of his original call, the Sandusky Police *Page 3 
Department dispatched officers to appellant's apartment to investigate. Upon arrival, the responding officers discovered the front door of appellant's apartment open. Appellant exhibited numerous indicia of alcohol intoxication. Appellant displayed slurred speech, blood shot eyes, and emanated a powerful odor of alcohol. Appellant invited the officers inside. Appellant immediately began berating the officers and screamed expletives at them pertaining to past encounters between appellant and the police department.
 {¶ 8} Despite efforts by the officers to calm appellant and ascertain why appellant had contacted them, appellant persisted in his intoxicated tirade against the officers. Appellant pounded his fists upon a table with such force as to cause his hands to bleed. Appellant then kicked over another table. In the course of this melee, the officers observed a 9mm semi automatic handgun on the arm of a living room chair.
 {¶ 9} Appellant was arrested for disorderly conduct while intoxicated, in violation of R.C. 2917.11, resisting arrest, in violation of R.C. 2921.33, and having a weapon while intoxicated, in violation of R.C. 2923.15.
 {¶ 10} Appellant's volatile and unsafe conduct persisted during his transport to and time at the police station. Appellant ultimately had to be placed in leg irons and transported to the emergency room at Firelands. The charges against appellant were later dismissed as part of a plea agreement in exchange for the forfeiture of his gun. However, based upon the absence of a signed plea agreement explicitly consenting to gun forfeiture, this court later reversed the gun forfeiture inState v. Whitemore, 6th Dist. No. E-04-044, 2005-Ohio-4018. *Page 4 
 {¶ 11} On September 30, 2004, appellant filed a complaint alleging malicious prosecution against the city of Sandusky, the Sandusky Police Department, and unnamed officers. On November 17, 2004, the city and the police department filed an answer denying the allegations. On November 24, 2004, the city and the police department filed an amended answer specifically asserting the affirmative defenses of sovereign immunity and sui juris.
 {¶ 12} On April 15, 2005, the city and the police department filed for summary judgment. On June 13, 2005, appellant filed a brief in opposition to summary judgment. On June 24, 2005, appellees filed a reply brief in support of summary judgment. On March 19, 2008, summary judgment was granted to the city and the police department. Appellant filed timely notice of appeal.
 {¶ 13} In his two assignments of error, appellant maintains that the trial court erred in granting summary judgment to the police department and the city. Specifically, appellant asserts that the trial court improperly relied upon sui juris in granting summary judgment to the police department and improperly relied upon sovereign immunity in granting summary judgment to the city.
 {¶ 14} It is well-established that in review of a trial court's summary judgment determination, this court employs a de novo standard of review. We apply the same standard utilized by the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when *Page 5 
construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 15} In support of summary judgment, appellees asserted protection from the alleged liability pursuant to the doctrine of sovereign immunity and contended that appellant furnished no evidence of malice, recklessness, or actionable conduct so as to preclude sovereign immunity protection. In addition, given appellant's failure to ever name any individual person as a defendant, appellees affirmatively asserted the defense of sui juris in their amended answer. The essence of the sui juris claim is that the police department is not a legal entity subject to suit.
 {¶ 16} In support of their motion, appellees submitted the detailed affidavit of one of the responding officers outlining appellant's baffling criminal conduct on February 27, 2000. Appellees further submitted the affidavit of the prosecuting attorney regarding the plea agreement reached on the criminal charges against appellant.
 {¶ 17} In support of his opposition to appellees' summary disposition, appellant submitted an affidavit denying the officer's version of events. Being mindful that appellant's refusal to convey to the officers why he had called them in the first place, it is noteworthy that his affidavit likewise contains no explanation. On the contrary, appellant's affidavit is rife with unsupported and irrelevant assertions such as, "the officers treated me very badly. I felt like they hated me, they would not let me relieve *Page 6 
myself * * * I served my country and enlisted in the armed forces and was treated like feces." None of this constitutes legal evidence relevant to the summary judgment motion.
 {¶ 18} We have carefully scrutinized and considered the record of evidence. The record shows that appellant filed a complaint asserting malicious prosecution, personal injury, unlawful taking of property, and abuse of process against appellees. The record shows that appellant failed to cooperate in discovery. The record shows that appellant failed to submit or furnish any legally relevant or compelling evidence in support of his assertions against appellees. The record shows, and appellant concedes, that appellees asserted the affirmative defense of sui juris in their amended answer pertaining to appellant's failure to name any individual person as a defendant. The record shows that appellant provided no legal evidence demonstrating that the responding officers acted outside the scope of their employment, acted maliciously or recklessly, or acted in such a way as to impose a strict liability and disqualify appellees from the sovereign immunity from civil liability vested upon them pursuant to R.C. 2744.02.
 {¶ 19} We find that appellant failed to furnish any legally relevant evidence to establish the requisite legal elements comprising the causes of civil liability asserted by him against appellees. By contrast, appellees furnished ample relevant and compelling evidence demonstrating that appellant's own conduct triggered the events of which he now complains and demonstrating that no genuine issue of material fact remains supportive of appellant's claims against appellees. Summary judgment was properly *Page 7 
granted to the city of Sandusky and to its police department. Appellant's assignments of error are found not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1