The STATE of Ohio, Appellee,

v.

WHITMORE, Appellant.

[Cite as *State v. Whitmore,* 162 Ohio App.3d 659, 2005-Ohio-4018.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–04–044.

Decided July 22, 2005.

Lorri J. Britsch, for appellee.

Loretta A. Riddle, for appellant.

SINGER, Presiding Judge.

{¶ 1} This matter is on appeal from an order of the Sandusky Municipal Court denying the return of seized property to a former criminal defendant. For the following reasons, we reverse.

{¶ 2} On February 27, 2000, appellant, Carl W. Whitmore, called the Sandusky police and requested that officers come to his residence immediately. The officers noted in their report that appellant's speech was slurred, his eyes were bloodshot, and he appeared intoxicated. Appellant showed them a firearm lying on an arm of a chair and stated, "Here's my gun." A confrontation ensued after appellant continued to yell, pounded his hands on a table, kicked over an end table, and would not answer the officers' questions about why he had called them. Finally, police arrested appellant and charged him with disorderly conduct, use of a weapon while intoxicated, and resisting arrest. Police also seized appellant's Ruger P–89 9mm semiautomatic handgun.

{¶ 3} Appellant pleaded not guilty. After numerous pretrials, hearings, and trial continuances, a mental health evaluation, and three attorneys for appellant, the trial court dismissed the case without prejudice at the request of the prosecuting attorney on September 30, 2003. The court record indicates that the dismissal was "with conditions."

{¶ 4} On May 6, 2004, appellant filed a motion for release of evidence for the return of his Ruger P–89 handgun and the two magazines seized at the time of his arrest. A hearing was set on appellant's motion for June 3, 2004; however, no hearing was held. Appellee filed a motion in response to appellant's motion to release evidence on June 10, 2004, asserting that appellant had forfeited his weapon in exchange for dismissal of the charges against him. On August 6, 2004, the trial court denied appellant's motion to release evidence and ordered that the weapon be forfeited to the state pursuant to R.C. 2933.43.

{¶ 5} Appellant now appeals that judgment and sets forth the following assignments of error:

{¶ 6} "Assignment of Error No. I: A trial court commits prejudicial error by not allowing a hearing on the defendant's motion for the return of his gun after charges are dismissed by the State of Ohio and the defendant is not under a disability and the gun is not contraband.

{¶ 7} "Assignment of Error No. II: A trial court commits prejudicial error by forfeiting property without due process."

{¶ 8} Appellant essentially contends that the trial court's forfeiture order was in error. "Contraband" is, inter alia, property used in the commission of an offense. R.C. 2901.01. Seized contraband may be forfeited, but only following a hearing as prescribed in R.C. 2933.43. However, "[i]f the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense, * * * no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed * * * a different violation arising out of the same facts and circumstances * * *." R.C. 2933.43(C).

{¶ 9} It is unrefuted that the weapon seized from appellant was lawful in all respects, save for its relationship to the offense with which he was charged. It is also unrefuted that appellant was not convicted of, and did not plead guilty to, any offense or violation arising out of the circumstances that led to the weapon's seizure. Thus the weapon was not subject to forfeiture pursuant to the statute.

{¶ 10} A court may, however, properly declare as forfeited property surrendered pursuant to a valid plea agreement. "Where a defendant enters into a plea agreement, and clearly has notice of and agreed to forfeiture of his property, the procedural requirements under R.C. 2933.43 need not be followed in order to comport with due process. Because relinquishment of the ownership of property in such a case is effectuated by a plea agreement, and not under statutory provisions governing forfeiture, adherence to statutory forfeiture procedure is unnecessary." (Citations omitted.) *State v. Hensley*, 9th Dist. No. 03–CA–008356, 2004-Ohio-2664, 2004 WL 1160167, at ¶ 7. When there is a plea agreement signed by the defendant, enumerating specifically what property the defendant is forfeiting and why, with an acknowledgment by the defendant that he understands the agreement, the statutory requirements may be abandoned. *State v. Fogel*, 9th Dist. No. 04–CA–008498, 2004-Ohio-6268, 2004 WL 2674591, at 7.

{¶ 11} Appellee contends that the property here was forfeited in accordance with a plea agreement, which appellant denies. The trial court's entry dismissing the charges contains no explanation for the dismissal. The record contains no plea agreement signed by appellant and the state enumerating specifically what property appellant forfeited. There is no acknowledgment by appellant that he understood the agreement.[1] Absent a signed plea agreement incorporating consent to forfeit or the applicability of the statute, we can only conclude that the trial court's forfeiture order was in error. Accordingly, both of appellant's assignments of error are well taken.

{¶ 12} On consideration, the order of the Sandusky Municipal Court is reversed. This matter is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal, for which sum judgment is rendered against appellee on behalf of Sandusky County and for which execution is awarded.

Judgment reversed.

PIETRYKOWSKI and PARISH, JJ., concur.

---

1. Appellee has submitted what can only be characterized as a proposed plea agreement, not signed by anyone.