[Cite as *State v. Clinton*, 2018-Ohio-3509.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. E-17-069 |
| Appellee | Trial Court No. 2017 CR 0302 |
| v. | |
| Phillip S. Clinton | **DECISION AND JUDGMENT** |
| Appellant | Decided:  August 31, 2018 |

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Martha S. Schultes, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Phillip S. Clinton, appeals the November 3, 2017 judgment of the Erie County Court of Common Pleas sentencing him to an aggregate prison term of 34 months for two counts of aggravated assault, in violation of R.C. 2903.12, both felonies of the fourth degree.  For the following reasons, we reverse.

# I. Background

{¶ 2} On July 11, 2017, an Erie County Grand Jury indicted Clinton on eight different charges:  two counts of assault in violation of R.C. 2903.13(A) and (C), misdemeanors of the first degree; one count of aggravated riot in violation of R.C. 2917.02(A)(2) and (C), a felony of the fourth degree; one count of aggravated riot in violation of R.C. 2917.02(A)(3) and (C), a felony of the fifth degree; two counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), felonies of the second degree; and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), felonies of the second degree.  The charges stemmed from two separate incidents, on June 17 and June 25, 2017, in which Clinton was alleged to have acted with others to physically injure two victims, C.J. and J.G.  Clinton pleaded not guilty to all charges.

{¶ 3} On September 22, 2017, Clinton pleaded guilty to two amended counts of aggravated assault, in violation of R.C. 2903.12, both felonies of the fourth degree.  In exchange, the state dismissed all remaining charges.

{¶ 4} A sentencing hearing was held on November 1, 2017, at which time the trial court sentenced Clinton to a prison term of 17 months for each count of aggravated assault, to be served consecutively, for a total term of 34 months.

{¶ 5} Clinton filed a notice of appeal on December 1, 2017, and raises the following assignments of error:

2.

Assignment of Error One:   The trial court failed to inform appellant of his Constitutional rights prior to accepting appellant's guilty plea, causing the plea to have been made unknowingly and involuntarily.

Assignment of Error Two:  The trial court erred in imposing a consecutive sentence because the required statutory findings are not clearly and convincingly supported by the record.

Assignment of Error Three:  The trial court failed to impose costs at the sentencing hearing and failed to find appellant had the ability to pay costs, rendering the imposition of costs invalid.

## II. Law and Analysis

### A.  Clinton's Plea was Unknowing and Involuntary

{¶ 6} Under both the United States and Ohio Constitutions, a guilty plea must be made knowingly, intelligently, and voluntarily to be valid.  *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  In Clinton's first assignment of error, he argues that his plea was unknowing and involuntary because the trial court did not orally inform him of his constitutional right to require the state to prove his guilt beyond a reasonable doubt, as required by Crim.R. 11(C).

{¶ 7} Under Crim.R. 11(C), before a trial court accepts a guilty plea, the trial court must personally inform the defendant that by pleading guilty he or she is waiving the constitutional and non-constitutional rights stated in that rule.  When explaining the

3.

defendant's non-constitutional rights, the trial court must substantially comply with Crim.R. 11(C), which "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). When explaining the defendant's constitutional rights, however, the trial court must strictly comply with Crim.R. 11(C) or the plea is invalid under the presumption that it was not knowingly and voluntarily entered. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. Stated more specifically:

> [A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When the trial court fails to strictly comply with this duty, the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶ 8}** Here, the trial court engaged in the following colloquy with Clinton at the plea hearing regarding his constitutional rights:

> THE COURT: Okay. Most importantly, do you understand that by entering these pleas of guilty you're giving up certain Constitutional rights;

4.

for instance, you're giving up your right to trial by jury in this matter; do you understand that?

MR. CLINTON:  Yes.

THE COURT:  Giving up your right to confront witnesses, and have your attorney cross-examine those witnesses that would testify against you at the trial; do you understand that?

MR. CLINTON:  Yes.

THE COURT:  You're also giving up your right to compulsory process, meaning you're giving up the right to have [your attorney] subpoena any witnesses that would testify on your behalf; do you understand that?

MR. CLINTON:  Yes.

THE COURT:  All right.  And had you proceeded to trial and decided not—not to take the witness stand, you understand that no one could say anything in front of the jury about the fact that you chose not to testify against yourself; do you understand all that?

MR. CLINTON:  Yes.

{¶ 9} The transcript confirms that the trial court explained four out of the five constitutional rights that are described in Crim.R. 11(C)(2)(c), but completely failed to inform Clinton of his constitutional right to require the state to prove his guilt beyond a reasonable doubt.

{¶ 10} The state nonetheless argues that the trial court's failure to orally inform Clinton of this specific constitutional right created an "ambiguity" that was remedied by the written plea agreement, which included a paragraph that states:

I understand by pleading guilty I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. *I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of every charge.* (Emphasis added.)

{¶ 11} The state is generally correct that "[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, paragraph two of the syllabus. In *Barker*, the issue was whether any ambiguity that resulted from the trial court's explanation of the constitutional right of compulsory process of witnesses, which the trial court described as the "right to call witnesses to speak on your behalf," could be reconciled by reference to the signed plea form, which stated that by entering the plea the defendant was waiving his right "[to] use the power of the court to call witnesses to testify for me." *Id.* at ¶ 4-5. The Supreme Court of Ohio held that an appellate court is permitted to consider additional record

6.

evidence to reconcile an alleged ambiguity that results when a trial court *inartfully* explains the defendant's constitutional rights during the Crim.R. 11 plea colloquy. *Id.* at ¶ 25.

{¶ 12} But here, the trial court *completely* failed to inform Clinton of his constitutional right to require the state to prove his guilt beyond a reasonable doubt. Thus, this case is unlike *Barker* and, instead, on all fours with *Veney*—which, we note, was explicitly discussed and reaffirmed in *Barker.*

{¶ 13} In *Veney*, the court held that "[a]lthough the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey those rights to the defendant." *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 29. There, as here, "the trial court plainly failed to orally inform Veney of his constitutional right to require the state to prove his guilt beyond a reasonable doubt." *Id.* at ¶ 30. Thus, because the trial court had completely "failed to orally inform" the defendant of that constitutional right, the court could not "simply rely on other sources to convey these rights." *Id.* at ¶ 29, 30.

{¶ 14} The same result is required in this case. The trial court completely failed to orally inform Clinton of his constitutional right to require the state to prove its case beyond a reasonable doubt, and the state may not "simply rely" on other portions of the record to remedy that failure. Given that the trial court failed to strictly comply with Crim.R. 11(C), Clinton's guilty plea is invalid under the presumption that it was not

7.

knowingly and voluntarily entered. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 31; *Veney* at ¶ 30.

## Conclusion

{¶ 15} Clinton's first assignment of error is well-taken, and Clinton's second and third assignments of error are moot. We vacate Clinton's guilty pleas, reverse his convictions, and remand this case to the trial court for further proceedings.

{¶ 16} The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.

_____
Christine E. Mayle, P.J.                                    JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.