[Cite as *State v. Mayfield*, 2018-Ohio-4626.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No. E-17-028

        Appellee                                Trial Court No. 2016 CR 0188

v.

Marquis K. Mayfield                          **DECISION AND JUDGMENT**

        Appellant                               Decided:  November 16, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Marquis Mayfield, appeals the judgment of the Erie County

Court of Common Pleas, sentencing him to six years in prison after he pleaded guilty to

one count of complicity to commit attempted murder.

## A. Facts and Procedural Background

{¶ 2} The relevant facts in the present case are undisputed. This matter originated on January 29, 2016, when appellant was charged with one count of complicity to attempted murder in the Erie County Court of Common Pleas, Juvenile Division. Five days later, additional charges were filed against appellant, including one count of complicity to aggravated robbery, one count of complicity to aggravated burglary, and one count of felonious assault. Appellant was 17 years old at the time the charges were filed.

{¶ 3} Thereafter, the state filed a motion to have the matter transferred to the Erie County Court of Common Pleas, General Division. A bindover hearing on the motion was held on March 29, 2016, after which the matter was transferred to the general division.

{¶ 4} Following transfer, the state filed an indictment charging appellant with two counts of complicity to commit aggravated robbery in violation of R.C. 2911.01(A)(1) and 2923.03(A)(2), felonies of the first degree, two counts of complicity to commit aggravated burglary in violation of R.C. 2911.11(A)(2) and 2923.03(A)(2), felonies of the first degree, two counts of complicity to commit felonious assault in violation of R.C. 2903.11(A)(1) and 2923.03(A)(2), felonies of the second degree, one count of complicity to commit attempted murder in violation of R.C. 2903.02(B), 2923.02(A), and 2923.03(A)(2), a felony of the first degree, and one count of complicity to commit receiving stolen property in violation of R.C. 2913.51(A) and 2923.03(A)(2), a felony of

2.

the fourth degree.  Additionally, the indictment contained firearms specifications attached to all charges except receiving stolen property pursuant to R.C. 2941.145.

{¶ 5} All of the foregoing charges, except receiving stolen property, related to an incident that occurred on January 25, 2016, in which appellant and four other minors attempted to enter a home in Sandusky, Ohio, and commit a robbery therein.  As the group was attempting to enter the home, one of the residents resisted.  At this point, one of the minors began firing his firearm through the door of the home.  The victim, J.H., was seriously wounded as a result of the shots that were fired.  Afterwards, appellant and the other minors fled the scene.

{¶ 6} During the ensuing police investigation, officers searched appellant's residence and found a rifle, which was believed to have been used during the commission of the robbery.  It was later determined that the rifle was stolen property.  Consequently, the charge for receiving stolen property was included in the state's indictment, despite not having been addressed by the juvenile court at the bindover hearing.

{¶ 7} Appellant initially entered pleas of not guilty to the aforementioned charges. Following pretrial discovery, appellant appeared before the trial court for a plea hearing on October 11, 2016, and informed the court that a plea agreement had been reached. Pursuant to the terms of the plea agreement, appellant entered a plea of guilty to the charge of complicity to commit attempted murder.  The remaining charges, as well as all of the firearms specifications, were dismissed by the state.  The plea agreement included

3.

an agreed-upon sentence of six years in prison, as well as the forfeiture of all firearms including those that were the subject of the charge for receiving stolen property.

{¶ 8} At the outset of the plea hearing, the foregoing agreement was read into the record and explained to appellant by his defense counsel. Thereafter, the trial court engaged appellant in a Crim.R. 11 colloquy, which included, in relevant part, the following:

THE COURT: All right. Most importantly, do you understand that by entering this plea of guilty you're giving up certain Constitutional Rights; for instance you're giving up your right to trial by jury in this matter; do you understand that?

[APPELLANT]: Yes.

THE COURT: Giving up your right to confront witnesses and have your attorney cross-examine the witnesses against you; do you understand all that?

[APPELLANT]: Yes.

THE COURT: You're also giving up your right to have [defense counsel] subpoena in witnesses that would testify [on] your behalf; do you understand that?

[APPELLANT]: Yes.

THE COURT: as you sit here today you are presumed innocent; by entering this plea of guilty you're giving up the right to have the State of

4.

Ohio prove your guilt at trial beyond a reasonable doubt; do you understand that?

[APPELLANT]: Yes.

THE COURT: And had you proceeded to trial and decided not to take the witness stand, you understand that none of us could say anything in front of a jury about the fact that you chose not to testify against yourself; do you understand all that?

[APPELLANT]: Yes.

{¶ 9} At the conclusion of the Crim.R. 11 colloquy, the trial court accepted appellant's guilty plea, and proceeded immediately to sentencing. Ultimately, the trial court adhered to the agreed-upon sentence of six years in prison, and ordered appellant to forfeit the firearms applicable to the receiving stolen property charge that was dismissed pursuant to the plea agreement.

{¶ 10} Approximately eight months later, appellant filed his notice of appeal, as well as a motion for a delayed appeal. On August 7, 2017, we granted appellant's motion for delayed appeal.

## B. Assignments of Error

{¶ 11} On appeal, appellant advances the following assignments of error for our review:

Assignment of Error No. 1: Appellant's plea was not intelligently, knowingly and voluntarily given.

Assignment of Error No. 2: The trial court lacked jurisdiction over Count 8 of the Indictment because that Count was required to be initiated in the Erie County Juvenile Court.

Assignment of Error No. 3: Appellant received ineffective assistance of counsel as guaranteed by the Sixth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.

## II. Analysis

### A. Crim.R. 11 Compliance

{¶ 12} In appellant's first assignment of error, he argues that the trial court failed to comply with Crim.R. 11 prior to accepting his guilty plea. Specifically, appellant contends that his plea was not knowingly, voluntarily, and intelligently entered because the trial court failed to inform him that he could not be compelled to testify against himself at trial.

{¶ 13} A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure a no-contest or guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C) and inform him of certain constitutional and nonconstitutional rights. *Id.*

**{¶ 14}** Crim.R. 11(C) provides, in relevant part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

* * *

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 15}** The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). In explaining the defendant's constitutional rights, such as the right at issue here, the court must strictly comply with Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17. The court need not use the exact language in the rule, but must explain the rights in a manner that is reasonably intelligible to the defendant. *Rinehart* at ¶ 17, citing *Ballard* at paragraph two of the syllabus.

7.

{¶ 16} During the plea hearing in this case, the trial court engaged appellant in a thorough Crim.R. 11 colloquy. Relevant to appellant's argument that he was not informed that he could not be compelled to testify against himself at trial, the trial court explained to appellant that "had [he] proceeded to trial and decided not to take the witness stand, * * * none of us could say anything in front of a jury about the fact that you chose not to testify against yourself." Appellant complains that the trial court's statement was vague and confusing because it did not inform him that the state could not compel him to testify.

{¶ 17} At the outset, we note that the trial court's language does not follow the language of Crim.R. 11(C)(2)(c) verbatim. As noted above, however, the trial court need not parrot the statute exactly, so long as it explains appellant's rights in a manner that is reasonably intelligent to appellant. In considering whether the trial court strictly complied with Crim.R. 11(C)(2)(c), we look to all portions of the record, including the written plea form, to resolve ambiguities in the Crim.R. 11 colloquy, so long as the court verbally addressed the rights contained in Crim.R. 11(C)(2)(c) during the colloquy. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, paragraph two of the syllabus. Where the court completely fails to orally inform the defendant of his constitutional rights, "the court cannot simply rely on other sources to convey those rights * * *." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29. *See also State v. Clinton*, 6th Dist. Erie No. E-17-069, 2018-Ohio-3509 (finding that the trial court's complete failure to inform the defendant of the state's burden to prove its case

8.

beyond a reasonable doubt precluded reference to the written plea agreement and required reversal on the grounds that the guilty plea was not knowingly and voluntarily entered).

{¶ 18} Here, the trial court did not completely fail to inform appellant of his right not to be compelled to testify against himself at trial. Rather, the trial court informed appellant of that right, albeit in a manner that did not use the word "compel." Language similar to that used by the trial court in this case has previously been deemed sufficient to inform a defendant of his right not to be compelled to testify.

{¶ 19} In *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, the Eighth District examined whether the defendant's guilty plea was knowingly, intelligently, and voluntarily entered, where the trial court explained the right not to be compelled to testify as follows: "Do you know if you decided to go to trial and remain silent and not testify, no one could comment on the fact that you did not testify?" *Id.* at ¶ 20. Upon consideration, the court found that a trial court strictly complies with Crim.R. 11(C)(2)(c)'s requirement to inform the defendant that he cannot be compelled to testify against himself by advising the defendant of his right to remain silent and not testify at trial. *Id.* at ¶ 19; *see also State v. Troiano*, 130 Ohio St.3d 316, 2011-Ohio-5217, 958 N.E.2d 153 (applying *Barker* and reversing the lower court, which found that the trial court failed to inform the defendant of his right not to be compelled to testify when it stated that "it would be up to you as to whether you testified at the trial on your own behalf because you have that right").

9.

{¶ 20} Like the trial court in *Darling*, the trial court in this case informed appellant of his right to decide whether or not to testify. Assuming, for the sake of argument, that the trial court's colloquy was ambiguous, we look to appellant's written plea form, which was read into the record and signed by appellant, to clarify any ambiguity in the oral colloquy and determine whether the trial court strictly complied with Crim.R. 11.

{¶ 21} Appellant's written plea form states, in relevant part:

I understand by pleading guilty I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial *I would not have to take the witness stand and could not be forced to testify against myself* and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of every charge. (Emphasis added.)

{¶ 22} Prior to accepting appellant's plea, the trial court was informed that defense counsel explained the contents of the plea form to appellant. The court then asked appellant if he had enough time with counsel to discuss the plea agreement. Appellant responded in the affirmative, and also indicated that he was satisfied with the advice he received from defense counsel.

{¶ 23} Because the trial court orally informed appellant of his right not to be compelled to testify against himself at trial in a manner that was reasonably intelligible to

appellant, and in view of the fact that the written plea form clarified any potential ambiguity in the trial court's oral colloquy, we find that the trial court strictly complied with Crim.R. 11 in this case.

{¶ 24} Next, appellant argues that his plea was not knowingly, intelligently, and voluntarily entered where it was given in exchange for the dismissal of a count over which the trial court lacked jurisdiction. The state concedes that "absent a proper bindover, the trial court lacked jurisdiction to convict appellant of [receiving stolen property]." In this case, no bindover proceeding was held on the receiving stolen property count. However, the state argues that appellant's plea was still knowingly and voluntarily entered because appellant received adequate consideration in exchange for his plea when the state dismissed all counts (including the receiving stolen property count) except the complicity to commit attempted murder, as well as the attendant firearms specifications.

{¶ 25} In support of his argument, appellant cites our decision in *State v. Rickard*, 6th Dist. Erie Nos. E-16-056, E-16-057, 2017-Ohio-8614. In *Rickard*, which stemmed from the same incident giving rise to the present appeal, the minor defendant argued that his conviction on charges that were originally brought by way of a bill of information in the common pleas court without a bindover procedure under R.C. 2152.12 should be vacated. *Id.* at ¶ 17. We agreed, finding that the lack of a bindover proceeding prevented the common pleas court from obtaining subject-matter jurisdiction to convict the minor defendant. *Id.* at ¶ 21.

11.

{¶ 26} *Rickard* is distinguishable from the present case. Importantly, the minor defendant in *Rickard* was convicted of the offenses over which the trial court had no subject-matter jurisdiction. In this case, the state agreed to dismiss the receiving stolen property charge. Therefore, the trial court was not accepting a guilty plea to a charge over which it had no subject matter-jurisdiction.

{¶ 27} To the extent that appellant claims he received inadequate consideration for his plea because the trial court lacked jurisdiction over the receiving stolen property charge, we note that appellant was facing the potential of over 50 years in prison if he were convicted of the offenses with which he was charged. Further, the trial court's lack of subject-matter jurisdiction relating to the charge for receiving stolen property would have been resolved through a proper bindover proceeding from the juvenile court. By pleading guilty under the terms of the plea agreement, appellant avoided the delay of another bindover proceeding, as well as the potential for a much longer prison sentence.

{¶ 28} In light of the foregoing, we find that appellant's plea was knowingly, voluntarily, and intelligently entered. Accordingly, appellant's first assignment of error is not well-taken.

## B. Forfeiture

{¶ 29} In appellant's second assignment of error, he reasserts the jurisdictional argument he raised in his first assignment of error relating to the charge for receiving stolen property. In addition to the arguments that were addressed in our discussion of his first assignment of error, appellant takes issue with the fact that he was required to forfeit

12.

the firearm that was the subject of the charge for receiving stolen property as a condition of the plea agreement.

{¶ 30} Relevant to appellant's argument, we have previously stated that a court may "properly declare as forfeited property surrendered pursuant to a valid plea agreement." *State v. Whitmore*, 162 Ohio App.3d 659, 2005-Ohio-4018, 834 N.E.2d 833, ¶ 10 (6th Dist.). Here, the plea agreement expressly provides for the forfeiture of the rifle that is the subject of the receiving stolen property charge. "When there is a plea agreement, signed by the defendant, enumerating specifically what property the defendant is forfeiting and why, with an acknowledgment by the defendant that he understands the agreement, the statutory requirements may be abandoned." *Id.*, citing *State v. Fogel*, 9th Dist. Lorain No. 04-CA-008498, 2004-Ohio-6268.

{¶ 31} Appellant voluntarily agreed to forfeit his property in exchange for the dismissal of multiple charges and firearms specifications that were levied against him. The trial court's lack of subject-matter jurisdiction over the receiving stolen property charge, which was dismissed with prejudice pursuant to the plea agreement, does not bar the enforcement of the forfeiture provision contained within the plea agreement, or render the agreement invalid.

{¶ 32} Accordingly, appellant's second assignment of error is not well-taken.

13.

### C. Ineffective Assistance of Counsel

**{¶ 33}** In his third assignment of error, appellant argues that he received ineffective assistance of trial counsel because trial counsel failed to object to the trial court's lack of jurisdiction over the charge for receiving stolen property.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 34}** In this case, we find that appellant has failed to demonstrate that his trial counsel's performance was deficient or prejudicial. Although the charge for receiving stolen property was not properly before the trial court in this case, and could have been dismissed without prejudice on that basis, appellant's trial counsel made the tactical

14.

decision to include the charge in the plea agreement. As explained above, the plea agreement procured by defense counsel dramatically reduced appellant's prison exposure and resulted in the dismissal of several charges, including the charge for receiving stolen property.

{¶ 35} Given the fact that the charge was dismissed with prejudice under the terms of the plea agreement, thereby precluding the state from refiling the charge in juvenile court, we conclude that trial counsel was not deficient in this case. Moreover, given the dismissal of the charge for receiving stolen property, we find that appellant cannot demonstrate that he was prejudiced by counsel's performance.

{¶ 36} Accordingly, appellant's third assignment of error is not well-taken.

### III. Conclusion

{¶ 37} In light of the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                        JUDGE

Arlene Singer, J.

                                            _____
James D. Jensen, J.                                     JUDGE
CONCUR.

                                            _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.