[Cite as *State v. Garza*, 2020-Ohio-520.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                   Court of Appeals No. WD-18-024

       Appellee                               Trial Court No. 2017CR0327

v.

Ray Garza, Jr.                                  **DECISION AND JUDGMENT**

       Appellant                              Decided:  February 14, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold and Jim A. Hoppenjans, Assistant Prosecuting
Attorneys, for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Common Pleas

Court in which appellant entered a guilty plea to burglary, in violation of R.C.

2911.12(A)(2).

**{¶ 2}** Appellant submits three assignments of error:

1. Appellant's plea was not intelligently, knowingly and voluntarily given.

2. The Trial Court committed reversible error by failing to either order specific performance of the plea agreement or allow Appellant to withdraw his guilty plea wherein the State violated the terms of the plea agreement by recommending that Appellant be sentenced to seven years in prison.

3. Appellant received ineffective assistance of counsel as guaranteed by the Sixth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.

**{¶ 3}** The following facts relevant to this appeal are as follows. On July 20, 2017, appellant was indicted by the Wood County Grand Jury on one count of burglary, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree, with a specification of a prior conviction.

**{¶ 4}** On January 12, 2018, appellant entered a plea of guilty to the charge of burglary. In exchange, the state agreed to amend the indictment so as to remove the prior conviction specification and further, to recommend that appellant be placed on community control, with a condition that he complete the SEARCH Program.

**{¶ 5}** Under both the United States and Ohio Constitutions, a guilty plea must be made knowingly, intelligently, and voluntarily to be valid. *Boykin v. Alabama*, 395 U.S.

2.

238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 6} In appellant's first assignment of error, he argues that his plea was unknowing and involuntary because the trial court did not orally inform him of his constitutional right to require the state to prove his guilt beyond a reasonable doubt, as required by Crim.R. 11(C).

{¶ 7} Under Crim.R. 11(C), before a trial court accepts a guilty plea, the trial court must personally inform the defendant that by pleading guilty he or she is waiving the constitutional and non-constitutional rights stated in that rule.

{¶ 8} Here, the trial court engaged in the following colloquy with appellant at the plea hearing regarding his constitutional rights:

THE COURT: Now, you understand that you also, as a citizen of the United States and as a defendant in this courtroom, have certain other constitutional rights. As I said, you could have a jury trial. If you had insisted upon it, we would have brought jurors from Wood County in here, who would have heard the case, would have determined whether or not you were guilty or not guilty of the charged offense. At trial the State of Ohio would have the obligation of proving each and every element of the charged offense. Further, at trial you would have the opportunity through you attorney to confront and cross-examine each and every one of the witnesses brought by the state. You could have the opportunity to provide

3.

your own witnesses. You could testify. If you chose not to testify, no one could comment upon the fact that you didn't testify. Do you understand that by entering a plea of guilty to the charged offense you are waiving those specific constitutional rights?

THE DEFENDANT: Yes, sir.

THE COURT: And you are still willing to proceed forward?

THE DEFENDANT: Yes.

{¶ 9} In this instance, appellant takes particular exception to the fact that the trial court orally failed to indicate that not only was he waiving his right to have the prosecution prove that he was guilty of burglary, but that the burden of proof was beyond a reasonable doubt. Appellant argues that this incomplete verbatim recitation of Crim. R. 11(C)(2)(c) somehow spoils the advisement, thereby warranting a reversal.

{¶ 10} The Supreme Court of Ohio has held that an appellate court is permitted to consider additional record evidence to reconcile an alleged ambiguity that results when a trial court unartfully explains the defendant's constitutional rights during the Crim.R. 11 plea colloquy. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 25.

{¶ 11} For the purposes of this discussion, if an ambiguity is defined as "something lacking clarity or having multiple meanings," we will look to the complete record to confirm that appellant has been properly informed that the burden of proof was beyond a reasonable doubt.

4.

{¶ 12} At the plea hearing, relevant portions of the plea colloquy went as follows:

THE COURT: Mr. Garza, I need to go through a discussion with you to make sure that your plea here is knowingly and voluntarily made, so let's get going with that. You are Ray Garza, Jr.

THE DEFENDANT: Yes, Sir.

THE COURT: How old are you?

THE DEFENDANT: Twenty-eight.

THE COURT: You've completed through high school?

THE DEFENDANT: Yes, sir.

THE COURT: And you are able to read and write English?

THE DEFENDANT: Yes.

THE COURT: Now, I have in front of me this plea agreement. I note that this plea agreement is executed on five pages. It is divided into paragraphs. Each paragraph is enumerated with a letter of the alphabet. I also note that next to each paragraph are the initials R.G. Are those your initials?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read the document with your attorney present?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Were any questions that you had fully answered?

THE DEFENDANT: Yes, your Honor

THE COURT: I note at the end of the document is below the words approved by. There is a line that says defendant, and it has the signature Ray Garza, Jr. Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: Did you place it there as an acknowledgment or recognition that you read, understood and agreed with what was in this document?

THE DEFENDANT: Yes, Your honor.

{¶ 13} Subsequent to the *Barker* holding, we have held that when the trial court orally completely fails to even mention that the appellant was giving up his constitutional right to require the state to prove its case beyond a reasonable doubt, the waiver is defective. *State v. Clinton*, 6th Dist. Erie No. E-17-069, 2018-Ohio-3509 (finding the trial court's complete failure to inform the defendant of the state's burden to prove its case).

{¶ 14} Here, the trial court's oral colloquy does not evidence a complete failure to inform appellant of the state's burden to prove its case. Further, appellant acknowledged that he read and understood the plea form and acknowledged each paragraph with his initials. Paragraph E of the plea form specifically reads, in pertinent part, "I understand I waive my right to have the Prosecutor prove my guilt beyond a reasonable doubt by a trial before the judge or by a jury of my peers."

6.

{¶ 15} Because the trial court orally informed appellant of his right to have the prosecution carry the burden of proving his guilt in a manner that was reasonably intelligible to appellant, and in view of the fact that the written plea form clarified any potential ambiguity in the trial court's oral colloquy that the burden of proof is beyond a reasonable doubt, we find that the trial court strictly complied with Crim.R. 11 in this case. *See State v. Mayfield*, 6th Dist. Erie No. E-17-028, 2018-Ohio-4626, ¶ 22-23.

{¶ 16} After a review of the record of evidence in this case, we find appellant's first assignment of error not well-taken and denied.

{¶ 17} Appellant's second assignment of error asserts that the trial court committed reversible error by failing to either order specific performance of the plea agreement or to allow appellant to withdraw his guilty plea when the state recommended that appellant be sentenced to seven years in prison.

{¶ 18} Plea agreements are contractual in nature and are governed by contract law principles and standards. *State v. Butts*, 112 Ohio App.3d 683, 685-686, 679 N.E.2d 1170 (8th Dist.1996). Appellant and the state agreed that if appellant pled guilty to Count 1 of the indictment, burglary, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree, the state would dismiss the notice of prior conviction specification of the indictment and further recommend community control sanctions with placement in the SEARCH program at sentencing.

{¶ 19} The trial court set bond at own recognizance and appellant executed the bond conditions on January 25, 2018. Contained within the written bond conditions that

7.

was signed by appellant is the pertinent language: "Defendant shall not be charged with nor commit any serious traffic or criminal offenses."

{¶ 20} The case was continued for sentencing on March 2, 2018. However, between the time of the plea hearing and the date set for sentencing, appellant was charged with trafficking in drugs, theft from the elderly and fleeing, each charge being a felony. The state filed a motion to revoke bond as a result of these new charges. Unable to serve appellant, a warrant was issued for his apprehension. Ultimately, appellant was apprehended and sentencing occurred on March 2, 2018.

{¶ 21} At sentencing, the state's position was that, as a result of appellant's new charges, the state was no longer bound by its initial recommendation for community control. The state recommended a seven-year sentence.

{¶ 22} Appellant was sentenced to six years in prison by the trial court.

{¶ 23} We have consistently held that it is within the trial court's discretion to find that bond conditions were violated and whether the plea agreement has been breached as a result. *State v. Willis*, 6th Dist. Erie No. E-05-026, 2005-Ohio-7002.

{¶ 24} Upon review of the record of this case, we can find no abuse of discretion on the part of the trial court in its determination that the appellant breached the terms of the plea agreement when he violated the conditions of his bond.

{¶ 25} We find appellant's second assignment of error to be not well-taken.

{¶ 26} Appellant presents a final assignment of error: Appellant received ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments

8.

to the United States Constitution and comparable provisions of the Ohio Constitution. In support of this assignment of error, he reiterates his arguments from the foregoing assignments of error, arguing that his counsel was ineffective for (a) failing to ensure that appellant's plea was knowingly, voluntarily and intelligently made and (b) failing to object to the state's breach of the plea agreement.

{¶ 27} To establish ineffective assistance of counsel, appellant must demonstrate that counsel's performance at trial was seriously flawed and deficient and fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 687-688.

{¶ 28} Because we found no error regarding any of counsel's allegedly deficient conduct, we cannot conclude that appellant's counsel was deficient. Therefore, he has failed to establish the first prong of the *Strickland* test, and his claim for ineffective assistance of counsel necessarily fails. Appellant's third assignment of error is overruled

**Conclusion**

{¶ 29} Appellant's first, second and third assignments of error are found not well-taken and denied. The judgment of the trial court is affirmed. Costs are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

9.

State v. Garza
C.A. No. WD-18-024

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                  _____

                                                 JUDGE

Thomas J. Osowik, J.

                                           _____

Christine E. Mayle, J.                JUDGE
CONCUR.

                                           _____

                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.