[Cite as *State v. Clinton*, 2022-Ohio-3353.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-21-019
                                                                            E-21-020
          Appellee                                                          E-21-021

                                                       Trial Court No.  2017 CR 0302
v.                                                                        2020 CR 0155
                                                                         2020 CR 0247

Phillip S. Clinton                                     **DECISION AND JUDGMENT**

          Appellant                                    Decided:  September 23, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is a consolidated appeal filed by appellant, Phillip Clinton, from the

June 4, 2021 judgments of the Erie County Court of Common Pleas.  For the reasons that

follow, we affirm the trial court's judgments.

**{¶ 2}** Appellant sets forth one assignment of error:

Indefinite sentencing under the Reagan Tokes Act is unconstitutional under the Fourteenth Amendment of the United States Constitution and the applicable sections of the Ohio Constitution.

## Procedural Facts

**{¶ 3}** In July 2017, in case No. 2017-CR-0302, appellant was indicted in Erie County on eight charges: two counts of assault, misdemeanors of the first degree; one count of aggravated riot, a felony of the fourth degree; one count of aggravated riot, a felony of the fifth degree; two counts of felonious assault, felonies of the second degree; and two counts of felonious assault, felonies of the second degree.

**{¶ 4}** In September 2017, appellant pled guilty to two amended counts of aggravated assault, in violation of R.C. 2903.12, felonies of the fourth degree, and the remaining charges were dismissed. In November 2017, appellant was sentenced to a prison term of 17 months for each count of aggravated assault, to be served consecutively, for a total term of incarceration of 34 months. Appellant appealed, and we affirmed. *See State v. Clinton*, 6th Dist. Erie No. E-17-069, 2018-Ohio-3509. In due course, appellant was released from prison, placed on community control and violated his community control.

2.

**{¶ 5}** On June 11, 2020, in case No. 2020-CR-0155, the Erie County Grand Jury indicted appellant on two new charges: one count of aggravated burglary, a felony of the first degree; and one count of felonious assault, a felony of the second degree.

**{¶ 6}** On August 13, 2020, in case No. 2020-CR-0247, the Erie County Grand Jury indicted appellant on three additional charges: one count of felonious assault, a felony of the second degree; one count of robbery, a felony of the second degree; and one count of having a weapon while under disability, a felony of the third degree.

**{¶ 7}** On June 2, 2021, appellant admitted violating his community control, waived a hearing on the matter and entered into a plea agreement for case Nos. 2020-CR-0155 and 2020-CR-0247. In case No. 2020-CR-0155, appellant pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree. In case No. 2020-CR-0247, appellant pled guilty to one amended count of robbery in violation of R.C. 2911.02(A)(3)(b), a felony of the third degree, and he also pled guilty to a one year firearm specification in violation of R.C. 2941.141. The remaining charges were dismissed.

**{¶ 8}** The case proceeded to sentencing. The court noted case No. 2020-CR-0155 involved a qualifying felony under the Reagan Tokes Act, which was subject to an indefinite prison sentence with a minimum term and a maximum term. Appellant's counsel objected, for the record, to the application of the Reagan Tokes Act, as a violation of due process and separation of powers. Appellant was then sentenced to: a

3.

prison term of 30 months, in case No. 2017-CR-0302, for the community control violations; a prison term of 12 months, in case No. 2020-CR-0247, for the robbery count and a 12-month prison term on the firearm specification, with the sentences to run consecutively, and consecutive to the sentence in case No. 2017-CR-0302; and "a 2 year minimum to 4 year sentence in Case Number 20-CR-0155 * * * under Reagan Tokes, run that concurrent to the other cases for a total of 54 months in the institution." The judgment entries were filed on June 4, 2021. Appellant appealed.

**Assignment of Error**

{¶ 9} Appellant contends the trial court's sentence of a definite minimum of two years and an indefinite maximum of four years in prison, imposed pursuant to the Reagan Tokes Act, is a violation of his right to due process and separation of powers. He argues indefinite sentencing is unconstitutional. Appellant submits, despite a rebuttable presumption that a defendant will be released upon completion on the minimum prison sentence, the Ohio Department of Rehabilitation and Corrections ("ODRC") can order a defendant to serve the maximum prison term due to a violation of any law. Appellant maintains this decision by ODRC "is within the realm of the Executive Branch of government, not the Judicial Branch, thereby violating the Separation of Powers Doctrine inherent in the Ohio Constitution." Appellant also asserts a defendant is not guaranteed a right to legal representation at the ODRC hearing, which violates the constitutionally protected right to due process under the United States and Ohio Constitutions.

4.

## Law

### *State v. Stenson*

{¶ 10} In *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, the constitutionality of the Reagan Tokes Act or Law (hereinafter "Law") was challenged. We set forth background information about the Law:

Senate Bill 201-the * * * Law-became effective on March 22, 2019. The Law "significantly altered the sentencing structure for many of Ohio's most serious felonies" by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date. * * * The Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the * * * ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, it may maintain the offender's incarceration for a reasonable, additional period of

time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *Id.* at ¶ 5.

**{¶ 11}** We then noted that "we recently considered whether the Reagan Tokes Law violates the constitutional doctrine of separation of powers in *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620." *Id.* at ¶ 9. We set forth:

> As we explained in *Gifford*, "the doctrine of separation of powers is 'implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government.'" * * * "The legislative has the sole right and power to enact laws, the judiciary to declare their meaning and application, and the executive to enforce their execution." * * * "'The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others.'" * * *
>
> In connection with its role in declaring the "meaning and application" of laws, the judiciary is solely responsible for determining

guilt and sentencing a defendant who has been convicted of a crime.  * * *

*Id.* at ¶ 9-10.

**{¶ 12}** We also addressed due process, and observed:

The Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution guarantee procedural due process. "The Due Process Clause applies when government action deprives a person of liberty or property[.]"  * * * If due process applies, the question becomes what process is due.  * * * "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  * * * At a minimum, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.  * * * *Id.* at ¶ 24.

**{¶ 13}** We held "the Law does not violate the separation-of-powers doctrine and does not, on its face, deprive offenders of their right to due process."  *Id.* at ¶ 35.

### *State v. Eaton*

**{¶ 14}** In *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, ¶ 143, we again found the Law, on its face, does not violate the separation-of-powers doctrine or infringe upon offenders' due process rights.  Regarding the analysis of due process rights, the concurring opinion clarified that "the review hearing under the * * * Law is not focused on whether the defendant's conduct 'justifies his release from confinement'- it is focused on whether the defendant's conduct justifies not releasing him from

7.

confinement." *Id.* at ¶ 147. The concurrence observed the "distinction is crucial because the presumption that the offender will be released on a date certain, after service of the minimum term-and the burden ODRC must meet to rebut this presumption-goes to the heart of why * * * the Law is more analogous to the decision to revoke parole or probation." *Id.*

### State v. Lamar

{¶ 15} In *State v. Lamar*, 6th Dist. Wood Nos. WD-21-055, 056, 2022-Ohio-2979, ¶ 125, the panel adopted the due process analysis set forth in the concurring opinion of *Eaton*, paragraphs 145 through 169.

### Analysis

{¶ 16} Based upon the due process analysis adopted in *Lamar*, and the reasoning and consideration of the separation-of-powers doctrine set forth in the foregoing authority, we find indefinite sentencing under the Law is not unconstitutional under the Fourteenth Amendment of the United States Constitution and applicable sections of the Ohio Constitution. Accordingly, appellant's lone assignment of error is not well-taken.

{¶ 17} For the foregoing reasons, the judgments of the Erie County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                     _____
                                                JUDGE

Myron C. Duhart, P.J.
CONCUR.                         _____
                                                JUDGE



Gene A. Zmuda, J.                    _____
CONCURS AND WRITES                        JUDGE
SEPARATELY.


**ZMUDA, J.**

{¶ 18} I agree with the majority's disposition of appellant's sole assignment of error. I write separately, because I find that the Reagan Tokes Law does not facially violate a defendant's constitutional right to due process, and thus appellant's assignment of error is not well-taken, based upon the reasoning I articulated in this court's lead opinion in *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432.

{¶ 19} Notably, the majority cites to and relies upon the concurring opinion in our decision in *Eaton*, but omits any mention of the lead opinion issued in that case. In doing so, the majority fails to recognize the split of opinion in this district on the issue of

9.

whether the liberty interest established under the Reagan Tokes law is analogous to parole release decisions or parole revocation decisions.  I emphasize, as I did in *Eaton*, my conclusion that the Reagan Tokes Law creates a liberty interest akin to probation release, not revocation.  With this point of emphasis in mind, I concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

10.