[Cite as *State v. Himon*, 2025-Ohio-2329.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals No. WD-24-060

    Appellee                           Trial Court No. 2024CR0089

v.

James Edward Himon, Jr.                **DECISION AND JUDGMENT**

    Appellant                          Decided:  July 1, 2025

* * * * *

Jeffrey P. Nunnari, Esq., for appellant.

Paul A. Dobson, Esq. Prosecutor and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, James Edward Himon, Jr., appeals from a judgment of conviction

entered by the Wood County Court of Common Pleas following his plea of guilty to the

offense of domestic violence. For the reasons that follow, the trial court's judgment is affirmed.

### Statement of the Case and the Facts

{¶ 2} Himon was charged in a two-count indictment on March 21, 2024. Count one charged him with domestic violence in violation of R.C. 2919.95(A) and (D)(3), a felony of the fourth degree based upon a previous conviction; and count two charged him with possession of cocaine in violation of R.C. 2925.11(A) and (C)(4), a felony of the fifth degree based on the amount of the drug involved.

{¶ 3} On May 20, 2024, Himon entered into a plea agreement whereby he agreed to plead guilty to count one of the indictment in exchange for the dismissal of count two at sentencing. During the plea colloquy, the trial court, while notifying Himon of his constitutional rights, had the following exchange with him:

> THE COURT: And you understand that you may testify for yourself only if you choose to do so?
>
> [Himon]: Yes, ma'am.
>
> THE COURT: If you did not choose to testify, that refusal has no bearing on your guilt or innocence and the State could not even comment on that.
>
> [Himon]: Yes, ma'am.

{¶ 4} Paragraph E of Himon's plea papers, which he initialed, stated the following:

2.

**WAIVER OF CONSTITUTIONAL RIGHTS.** I understand that a plea of guilty is a complete admission of guilty and that if I plead guilty I give up my right to a jury trial or court trial where I could confront and have my attorney question witnesses against me and where I could use the power of the court to call witnesses to testify for me. *I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify and the jury could not infer I was guilty because I did not testify.* I know that I am presumed not guilty of any crime at this time, but the presumption is nullified if I plead guilty. I understand I waive my right to have the Prosecutor prove my guilt beyond a reasonable doubt by a trial before the judge or by a jury of my peers. I further understand that if convicted at a trial, I would have the full right of appeal, but if I plead guilty I would have a very limited right to appeal my sentence within 30 days of my sentence.

(Emphasis added.)

{¶ 5} At his plea hearing, Himon affirmed that he and his attorney had gone over the plea papers in depth and that he had initialed each section. He also affirmed that his attorney had answered all of his questions, and that he had signed the end of the plea document.

{¶ 6} The trial court, after finding that Himon "knowingly, voluntarily, and intelligently entered a guilty plea to count 1, domestic violence, a felony in the fourth degree," found Himon guilty and sentenced him to serve a year in prison. Himon timely filed an appeal.

### Assignments of Error

{¶ 7} On appeal, Himon asserts the following assignment of error:

3.

I. Appellant's plea was not knowingly, intelligently, and voluntarily entered due to the trial court's lack of strict compliance with Crim.R. 11(C)(2)(c).

**Law and Analysis**

{¶ 8} Himon argues in his sole assignment of error that his plea was not knowingly, voluntarily, and intelligently entered because the trial court failed to strictly comply with Crim.R. 11 prior to accepting his guilty plea. Specifically, Himon argues that the trial court failed to correctly inform him that he could not be forced to testify against himself inasmuch as, given the particular language that was used by the trial court, "it is entirely possible that Himon was left with the impression that although he had the choice to not testify in his own defense, he had no control over whether the state could call upon him to testify."

{¶ 9} "A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. To ensure a no-contest or guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C) and inform him of certain constitutional and nonconstitutional rights." *State v. Mayfield*, 2018-Ohio-4626, ¶ 13, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 10} Crim.R. 11(C) provides, in relevant part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally…and doing all of the following:
>
> …

4.

> (c) Informing the defendant and determining that the
> defendant understands that by the plea the defendant is
> waiving the rights to jury trial, to confront witnesses against
> him or her, to have compulsory process for obtaining
> witnesses in the defendant's favor, and to require the state to
> prove the defendant's guilt beyond a reasonable doubt *at a*
> *trial at which the defendant cannot be compelled to testify*
> *against himself or herself.*

(Emphasis added.)

{¶ 11} "The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him." *Mayfield* at ¶ 15, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). In explaining the defendant's constitutional rights, including the right at issue here, the court must strictly comply with Crim.R. 11(C). *Id.*, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31; *State v. Rinehart*, 2013-Ohio-3372, ¶ 17 (6th Dist). Where a trial court addresses a defendant's constitutional rights in the oral colloquy, a reviewing court determining whether the trial court strictly complied with Crim.R. 11(C)(2)(c) is permitted to consider additional record evidence, including the written plea form, to reconcile any alleged ambiguity that arises from the colloquy and involves those rights. *State v. Barker*, 2011-Ohio-4130, ¶ 24, paragraph two of the syllabus ("An alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea."); *see also Mayfield* at ¶ 17, citing *Barker* at paragraph two of the syllabus.

5.

{¶ 12} Relevant to Himon's argument that he was not adequately informed that he could not be compelled to testify against himself at trial, the trial court explained to Himon that "you may testify for yourself only if you choose to do so," and "[if] you did not choose to testify, that refusal has no bearing on your guilt or innocence and the State could not even comment on that." In this case, we need not determine whether this language alone was sufficient to strictly comply with Crim.R. 11.

{¶ 13} As indicated above, Himon's written plea form, which Himon acknowledged that he had gone over in depth with his attorney, states in a section that was initialed by Himon, "I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify and the jury could not infer I was guilty because I did not testify."

{¶ 14} To the extent that the trial court's oral colloquy was ambiguous with respect to the right not to be compelled to testify, we find that the language contained in the written plea agreement clarified any potential ambiguity and, therefore, the trial court strictly complied with Crim.R. 11 in this case.

## Conclusion

{¶ 15} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

| Gene A. Zmuda, J. | [[Applied Signature]] |
|---|---|
| | JUDGE |

| Myron C. Duhart, J. | [[Applied Signature 2]] |
|---|---|
| | JUDGE |

| Charles E. Sulek, P.J. | [[Applied Signature 3]] |
|---|---|
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.